UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN OJOGWU, | Case No. 19-CV-0563 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| RODENBURG LAW FIRM, | |
| Defendant. | |

Blake R. Bauer, FIELDS LAW FIRM, for plaintiff.

Clifton Rodenburg and Amanda Lee, RODENBURG LAW FIRM, for defendant Rodenburg Law Firm.

Plaintiff Benjamin Ojogwu brings this action against defendant Rodenburg Law Firm ("Rodenburg") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  This matter is before the Court on Rodenburg's motion for summary judgment.  For the reasons that follow, the motion is denied and, pursuant to the parties' stipulation, the Court enters judgment in favor of Ojogwu.

I.  BACKGROUND

Rodenburg, a "debt collector" within the meaning of the FDCPA, brought a collection action against Ojogwu in Hennepin County District Court on behalf of defendant Portfolio Recovery Associates, LLC ("Portfolio").  Lee Decl. ¶ 8.  After a default judgment was entered against him, Ojogwu retained an attorney, who notified

Rodenburg that all future correspondence should be sent to the attorney. Lee Decl. ¶¶ 10-11. Thereafter, to collect the judgment, Rodenburg served a garnishment summons and related documents on U.S. Bank. Lee Decl. ¶ 12. Rodenburg also served copies of these documents on Ojogwu personally, as required by Minn. Stat. § 571.72, subd. 4. Lee Decl. ¶ 13.

Ojogwu filed this action alleging that service of these documents on him personally instead of through his attorney violated 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from communicating directly with a consumer whom it knows to be represented by an attorney. Rodenburg and Portfolio moved to dismiss. The Court denied the motion, rejecting defendants' interpretation of § 1692c and holding that § 1692c(a)(2) preempts § 571.72, subd. 4 to the extent that the latter requires service directly on a consumer whom the debt collector knows to be represented by counsel. ECF No. 19. Portfolio later settled with Ojogwu. ECF Nos. 40, 42. Rodenburg now moves for summary judgment.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution

might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

### B.  Rodenburg's Motion

#### 1.  Express Permission of a Court

Section 1692c(a)(2) provides in relevant part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> . . . .
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . .

In seeking dismissal of Ojogwu's complaint, defendants relied, among other things, on several cases in which courts have held that court rules requiring service directly on a party provide the requisite "express permission of a court."  *See, e.g., Holcomb v. Freedman Anselmo Lindberg, LLC*, 900 F.3d 990, 995 (7th Cir. 2018).  The Court distinguished those cases, explaining that they "address express permission that

appears in a rule promulgated by a court rather than in a statute promulgated by a legislature." ECF No. 19 at 7.

Rodenburg now offers a new theory as to how Minn. Stat. § 571.72, subd. 4—which, as noted, requires a creditor to serve a copy of the garnishment summons directly on the debtor—constitutes the "express permission of a *court*," even though it was enacted by a *legislature* without the involvement of any court. Under the Minnesota Constitution, the authority to promulgate rules of procedure lies with the judiciary, not with the legislature. *State v. Johnson*, 514 N.W.2d 551, 553-54 (Minn. 1994) ("[U]nder the separation of powers doctrine the legislature 'has no constitutional authority in their enabling acts or otherwise to reserve a right to modify or enact statutes that will govern over court rules [of procedure] already in place.'" (quoting Maynard E. Pirsig & Randall M. Tietjen, *Court Procedure and the Separation of Powers in Minnesota*, 15 Wm. Mitchell L. Rev. 141, 182 (1989))). The Minnesota Supreme Court has said, however, that "if the legislature passes a statute in an area not already governed by a rule, the court, as a matter of comity, may let it stand." *Id.* at 554 n.5. Rodenburg argues that (1) the Minnesota Legislature had no authority to enact § 571.72, subd. 4, but (2) the Minnesota courts have chosen to "let it stand" as a matter of comity. As a result, Rodenburg contends, § 571.72, subd. 4 is really a rule promulgated by a court—not a

statute enacted by a legislature—and thus § 571.72, subd. 4 provides the "express permission of a *court*" required by § 1692c(a)(2).

This argument might give the Court pause if a Minnesota court had actually addressed the legislature's power to enact § 571.72, subd. 4, concluded that the statute was indeed an unconstitutional exercise of authority reserved to the judiciary, and decided, as a matter of comity, to let the statute stand. *See, e.g.*, *State v. Wolf*, 605 N.W.2d 381, 387 (Minn. 2000) (holding, in a case involving a municipality that spanned more than one county, that a statutory venue provision would apply "as a matter of comity" notwithstanding an apparent conflict with a court rule on venue). It is possible that such *express* judicial acquiescence to the statute's continued enforceability could be considered the "*express* permission of a court." But Rodenburg cannot point to a single judicial decision that has said a single word about the legislature's authority to enact § 571.72, subd. 4. Even if the state judiciary could be deemed to have made a sub silentio decision to allow § 571.72, subd. 4 to stand—when, in fact, it does not appear that any litigant has challenged the constitutionality of § 571.72, subd. 4 and *asked* whether the statute should stand—silent acquiescence is the opposite of the "express permission" demanded by § 1692c(a)(2). The Court therefore rejects the argument that

§ 571.72, subd. 4 constitutes the "express permission of a court" within the meaning of § 1692c(a)(2).[1]

2. Constitutional Challenges

*a. Tenth Amendment and Necessary and Proper Clause*

Rodenburg next argues that construing § 1692c(a)(2) to prohibit direct service of a garnishment summons on a represented party is an unconstitutional invasion of state sovereignty that violates both the Tenth Amendment and the Necessary and Proper Clause. The bulk of Rodenburg's briefing on this issue, however, is devoted to rearguing its motion to dismiss—contending that, in denying that motion, the Court misconstrued § 1692c(a)(2) to preempt § 571.72, subd. 4. This is procedurally improper, as Rodenburg neither sought nor received permission to bring a motion to reconsider. *See* D. Minn. L.R. 7.1(j) ("Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission.").

Setting aside Rodenburg's procedural error, the Court carefully explained its interpretation of the statute in its order denying Rodenburg's motion to dismiss, and nothing in Rodenburg's briefing persuades the Court that it erred. The Court will

---

[1] Rodenburg also points to Minn. R. Civ. P. 69, claiming that this rule directs that "legislatively-adopted post-judgment remedies be used for enforcing money judgments." ECF No. 53 at 2-3. Rule 69 is not relevant to this case, however; it governs execution on a money judgment and refers to Minn. Stat. ch. 550, not § 571.72.

therefore not address any of Rodenburg's statutory-interpretation arguments except to point out that, because the FDCPA has an express preemption clause, Rodenburg's reliance on the presumption against preemption is badly misplaced.  *See Puerto Rico v. Franklin Cal. Tax-Free Tr.*, 136 S. Ct. 1938, 1946 (2016) ("[B]ecause the statute contains an express pre-emption clause, we do not invoke any presumption against pre-emption but instead focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent." (citation and quotation marks omitted)).

With respect to Rodenburg's argument that § 1692c(a)(2) violates the Tenth Amendment and the Necessary and Proper Clause:  Rodenburg argues that depriving creditors of the post-judgment remedy of garnishment is an invasion of state sovereignty.  This argument is built on the mistaken premise that, because Rodenburg cannot comply with both § 1692c(a)(2) and § 571.72, subd. 4 in cases involving represented consumers, Rodenberg is prohibited from using Minnesota's garnishment procedures *at all*.  This premise, in turn, betrays a fundamental misunderstanding of the doctrine of preemption.

As the Court has already held, § 1692c(a)(2) preempts § 571.72, subd. 4 to the extent that the latter requires direct service of a garnishment summons on a represented consumer.  When federal law preempts state law, the state law no longer has any effect.  *Cf. Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 152-53 (1982) (the effect of

preemption is to "supersede" and "nullif[y]" state law).  This means that, when seeking to garnish the assets of a represented consumer, Rodenburg is not bound by § 571.72, subd. 4's requirement of direct service.  Rodenburg is perfectly free to use Minnesota's garnishment procedure so long as it complies with § 1692c(a)(2)—i.e., so long as it serves papers on the debtor's attorney or asks the court for express permission to serve papers directly on the debtor.

The question is not, then, whether abolishing garnishment entirely is an unconstitutional invasion of state sovereignty; § 1692c(a)(2) has not abolished garnishment in Minnesota or anywhere else.  The question is whether requiring service of a garnishment summons on  a represented consumer's attorney instead of directly on the consumer is an unconstitutional invasion of state sovereignty.  The answer is obviously "no."  Congress clearly has the power to regulate the commercial activity of debt collection, and Rodenburg does not seriously contend otherwise.  *Cf. Perez v. United States*, 402 U.S. 146, 156-57 (1971) (holding that Title II of the Consumer Credit Protection Act, which prohibits "loan sharking," was a valid exercise of Congress's commerce power).  "A Tenth Amendment challenge to a statute necessarily fails if the statute is a valid exercise of a power relegated to Congress."  *United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012) (citation and quotation marks omitted).

Likewise, there is no doubt that a provision regulating debt collectors' communications with consumers qualifies as a necessary and proper exercise of Congress's commerce power, as it is rationally related to the regulation of abusive debt-collection practices. *See* 15 U.S.C. § 1692 (congressional findings regarding abusive debt-collection practices); *United States v. Comstock*, 560 U.S. 126, 134 (2010) ("in determining whether the Necessary and Proper Clause grants Congress the legislative authority to enact a particular federal statute, we look to see whether the statute constitutes a means that is rationally related to the implementation of a constitutionally enumerated power").

Unlike laws that have been found to violate the Tenth Amendment or the Necessary and Proper Clause, § 1692c(a)(2) does not seek to "require the States to govern according to Congress' instructions." *New York v. United States*, 505 U.S. 144, 162 (1992); *see also Printz v. United States*, 521 U.S. 898, 932-34 (1997) (Congress cannot constitutionally require state law-enforcement officers to execute federal law requiring background checks on gun purchasers). Simply put, the incidental regulation of the means by which one private party to a garnishment proceeding serves papers on another cannot be considered an invasion of state sovereignty that violates either the Tenth Amendment or the Necessary and Proper Clause. *Cf. Jinks v. Richland Cty.*, 538 U.S. 456, 464-65 (2003) (federal statute requiring tolling of state statutes of limitation

while claims are pending in federal court is not an unconstitutional invasion of state sovereignty).

### b. Equal Protection

Finally, Rodenburg argues that § 1692c(a)(2) violates the Equal Protection Clause. Specifically, Rodenburg argues that the statute irrationally discriminates because it permits garnishment in states in which garnishment procedures are governed by court rules and prohibits garnishment in states in which such procedures are governed by statute.

As explained above, however, § 1692c(a)(2) does not prohibit garnishment in Minnesota or anywhere else. In cases in which the consumer is not represented by counsel—likely the overwhelming majority—§ 1692c(a)(2) has no impact whatsoever. In cases in which the consumer is represented by counsel, § 1692c(a)(2) merely preempts the state requirement that Rodenburg serve the consumer directly and requires Rodenburg to either (1) serve the consumer through his or her attorney or (2) get the express permission of the court to serve the consumer directly. Requiring a debt collector to obtain the express permission of a court before contacting a represented consumer directly is rationally related to Congress's interest in protecting consumers and therefore does not violate the Equal Protection Clause. *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) ("In areas of social and economic policy, a

statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.").

For these reasons, the Court denies Rodenburg's motion for summary judgment.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Rodenburg Law Firm for summary judgment [ECF No. 45] is DENIED.

2. In accordance with the parties' stipulation [ECF No. 43], plaintiff shall recover from defendant Rodenburg Law Firm the following amounts:

   a. $1,000 in statutory damages;

   b. $23,982 in attorney's fees; and

   c. $400 in filing fees.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 6, 2020

    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge